gence should have been determined by the judge and not by the jury.

Wiconisco Street enters (without crossing) Front Street in Harrisburg. On a July afternoon, during a rain, plaintiff drove from Wiconisco Street into Front Street at "hardly two miles an hour"; he said, "I looked down Front Street and I looked up Front Street and at the same time I dropped out [i. e., entered Front Street] and saw nobody coming, and before I could get six feet, before my wheels turned down Front Street, I was hit with great force on the side right where I sat......" He also said he "continued looking after the first time." There was evidence that defendant's chauffeur approached "at an awful rate of speed." There was a difference in the evidence as to the extent of the view which plaintiff had down Front Street in the direction from which defendant's car came. In such circumstances, the duty of finding the fact was with the jury, for reasons frequently stated in the decisions, among them, Brown v. Chambers, 65 Pa. Superior Ct. 373, 375; Fow v. Express Co., 68 Pa. Superior Ct. 345, 346; Simon v. Lit Brothers, 264 Pa. 121; Weber v. Greenebaum, 270 Pa. 382; Black v. Mark, 273 Pa. 138.

Judgment affirmed.

---

## Lapensohn *v.* Swann et ux., Appellants.

*Judgments—Judgment for possession—Rule to open judgment—Refusal.*

A rule to open a judgment of possession is properly discharged, where the depositions establish that the plaintiff had expressed a willingness to enter into a contract of lease under certain conditions, and that the appellant had failed to comply with those conditions, and that no written lease had ever been executed.

Argued March 11, 1924. Appeal, No. 57, Oct. T., 1924, by defendants, from judgment of C. P. No. 3, Phila. Co.,

192, (1924).] Statement of Facts—Opinion of Court below.

March T., 1922, No. 6670, discharging rule to open judgment in the case of Simon Lapensohn v. Thomas W. Swann and Ossie W. Swann, his wife. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment. Before FERGUSON, J.

The facts are stated in the following opinion of the court below dicharging the rule.

This is a proceeding to recover possession after sheriff's sale. A judgment had been entered for the petitioner and the matter had been appealed. Whether as the result of an agreement of settlement or for technical reasons, the appeal was nolle prossed. A plures writ of possession was issued and the respondents have taken a rule to open judgment.

There is no defect in the judgment, but respondents contend that since the appeal was nolle prossed the petitioner and the respondents entered into a contract of letting under which rent had been paid.

The depositions show that petitioner, through a member of the bar, other than counsel of record, had expressed a willingness to enter into a contract of letting, provided the rental value of the house from September of 1922, was paid. The respondents attempted to carry out this arrangement, but failed to pay the amount stipulated for. No lease in writing was executed by the petitioner. One was prepared and sent to the respondents for signature, with the understanding that it would be signed by the petitioner and delivered after the arrears were paid. This writing was never signed by the petitioner and delivered, and, as a contract between the parties, never came into effect.

For these reasons the rule to stay the writ of possession and to open the judgment must be discharged.

And now, May 3, 1923, the rule entered to stay and set aside the execution of pluries writ of hab. fi., issued in

this case and to open the judgment heretofore entered and to let the defendants into a defense is discharged.

*Error assigned* was, among others, the order of the court.

*John W. Parks,* for appellant.

*Joseph D. Morelli,* and with him *Yale L. Schekter,* for appellee.

PER CURIAM, May 5, 1924:

The order appealed from is affirmed, for the reasons stated by Judge FERGUSON in the opinion in the court below.

---

## City of McKeesport *v.* Dunn, Appellant.

*Magistrates—Summary conviction—Compliance with sentence—Appeals.*

Where a defendant was summarily convicted by a magistrate for disorderly conduct, and paid his fine "under protest" before taking his appeal, the appeal will be quashed.

The correct procedure under the Act of July 11, 1917, P. L. 771, providing for appeals from summary convictions, is to refuse to pay the fine and give bail pending the appeal.

Commonwealth v. Oliver, 77 Pa. Superior Court 580, distinguished and corrected.

Argued April 18, 1924.    Appeal, No. 121, April T., 1924, by defendant, from judgment of County Court of Allegheny Co., Commonwealth Docket, No. 1127, 1923, dismissing appeal from judgment of a magistrate in the case of City of McKeesport v. Robert W. Dunn.    Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Appeal quashed.